**UNITED STATES of America,**

v.

**James HUGHES–IRABOR aka Leslie J. Critchlow–Hughes James Hughes–Irabor, Appellant.**

No. 01–3227.

United States Court of Appeals, Third Circuit.

Submitted July 11, 2002.

Decided July 15, 2002.

Before SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge.[*]

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

James Hughes–Irabor appeals from the judgment of conviction and sentence entered July 27, 2001, following his plea of guilty to an information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. The district court imposed a 30–month sentence to be followed by a three-year term of supervised release and ordered him to pay restitution of $355,000. It waived the fine.

In imposing the sentence, the district court determined that the total offense level was 17 and the criminal history category was I, a combination yielding a sentencing range of 24 to 30 months. In reaching the total offense level, the district court included 2–level enhancement under U.S.S.G. § 2F1.1(b)(4) (now U.S.S.G. § 2B1.1(b)(7)) which provides for an increase in the level if the offense involved "a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious or political organization." Hughes–Irabor appeals, raising the sole contention that the district court erred in determining that he was subject to the 2–level enhancement under section 2F1.1(b)(4).

We note initially that the parties dispute our standard of review. Hughes–Irabor asserts that the district court erred as a matter of law in finding section 2F1.1(b)(4) applicable and thus contends that our scope of review is thus de novo. The government, while acknowledging that the underlying facts are not in dispute, con-

---

* Honorable John P. Fullam, Senior Judge of the United States District Court for the East-ern District of Pennsylvania, sitting by designation.

785

tends that "the factual conclusion to be drawn from those underlying facts, *i.e.* whether the defendant misrepresented that he was acting on behalf of a religious organization," brief at 12–13, are in dispute so that this appeal includes both a factual component subject to review for clear error and a legal component subject to plenary review. *See United States v. Bennett*, 161 F.3d 171, 190 (3d Cir.1998). We will assume without deciding that Hughes–Irabor is correct and thus will exercise plenary review on this appeal.

We are satisfied that the enhancement was appropriate here. While Hughes–Irabor acknowledges making reference to his religious faith during the dealings in which the extraordinary scheme culminating in the fraud were played out here, we are satisfied that his conduct went beyond such a mere reference and plainly came within the guideline.

The judgment of conviction and sentence entered July 27, 2001, will be affirmed.